JOHN D. McCALL v. ALFRED WELLS AND ELEANOR WELLS.

*Adverse title.*

Where notwithstanding a deed to one person another went into exclusive possession and exercised acts of ownership, and such possession was recognized by all mesne grantees of the first, the occupant's adverse title is a question for the jury in an action of ejectment against him by one claiming under the deed.

Error to Jackson. (Gridley, J.) Oct. 14.—Oct. 22.

EJECTMENT. Defendants bring error. Reversed.

*Grove H. Wolcott* for appellants. Whether possession is adverse is a question for the jury : *McPherson v. Featherstone* 37 Wis. 632 ; continued possession by a grantor long after the execution of his deed to another may as between himself and his grantee raise a presumption that he has retained or acquired some right to the land: *Bennett v. Robinson* 27 Mich. 26.

*Gibson & Parkinson* for appellee.

CHAMPLIN, J. Plaintiff brought ejectment against defendants to recover a piece of land containing about eight acres.

Previous to 1867 William Coak was the owner of one hundred and thirty acres of land which included the land in question. He died in 1858 leaving the defendant Eleanor

Wells, his widow, and John Coak, Jane E. Pitt, George Coak and Mary Ann Coak, his children and heirs at law, living at the time of his death. In 1861 the widow married the defendant Alfred Wells.

It appears that in 1867 the widow and heirs made or agreed upon a division of the inheritance setting off parcels to each. No dower had ever been assigned. By this agreement, which is very general in its terms but sufficiently definite to identify the several parcels, the eight acres in dispute were designated as the portion which the defendant Eleanor Wells was to have. A deed was introduced dated June 1, 1867, and acknowledged September 6, of the same year, by which Eleanor Wells, John W. Coak, Jane E. Pitts and George Coak, in consideration of one dollar, quitclaimed to Mary A. Coak eighteen acres of land, which it is conceded includes the eight acres involved in this suit. Notwithstanding this deed the defendants went into possession of the eight acres and used and cultivated the same, and have held exclusive possession thereof ever since, and have exercised acts of ownership over the land, such as building a house and fencing the premises off from the other land in accordance with the division agreed upon and a survey thereof made soon after the deed was executed.

The chain of title comes to this plaintiff through mesne conveyances from Mary A. Coak, but the proof is clear that each and all of the intermediate grantees have recognized their possession and have taken no steps to oust them until plaintiff commenced proceedings against them. On the trial defendants claimed the land by adverse possession. The circuit judge refused to submit the facts testified to, tending to prove adverse possession, to the jury, and directed a verdict for the plaintiff.

The circuit judge regarded the case as governed by the cases of *Bloomer v. Henderson* 8 Mich. 395 and *Dawson v. Danbury Bank* 15 Mich. 489. In this we think he erred. The facts proved brought this case within the principles enunciated in *Bower v. Earl* 18 Mich. 367, in which the two former cases are distinguished and it is needless to repeat

what was there said. The testimony should have been submitted to the jury to determine whether the defense of title by adverse possession had been made out.

The judgment must be reversed and a new trial granted.

The other Justices concurred.